IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RON MEIKLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:19-CV-00288-JRG-RSP |
| | § | |
| MARY MOORE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Mary Moore's Motion to Transfer Venue ("Motion to Transfer"). (Dkt. No. 9.) This Motion to Transfer seeks to transfer this case from the Marshall Division to the Tyler Division pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties. (*Id.*) After consideration, the Court concludes that Defendant has failed to meet her burden of showing that the Tyler Division would be clearly more convenient than the Marshall Division. Consequently, the Court **DENIES** this Motion to Transfer.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Court concludes that this case could have been brought in the Tyler Division, so the Court will therefore focus on the issue of whether that venue was a clearly more convenient forum. To determine whether venue transfer is appropriate under § 1404(a), the Fifth Circuit has adopted several public and private interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of

unnecessary problems of conflict of laws. *Id*. The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id*.

A plaintiff's choice of venue is not an express factor in the analysis. *Seven Networks, LLC v. Google LLC*, 2018 U.S. Dist. LEXIS 146375, at *8 (citing *Volkswagen II*, 545 F.3d at 315). However, a moving defendant must demonstrate that the proposed venue is clearly more convenient than the original venue. *Id*. (citing *Volkswagen II*, 545 F.3d at 315). By applying this heightened standard, the plaintiff's choice of forum is given the appropriate deference. *Id*. (citing *Volkswagen II*, 545 F.3d at 315).

Defendant has not sufficiently shown that these factors weigh in favor of a transfer. The Court concludes that the administrative difficulties factor is neutral. The local interest in having localized interests decided at home weighs only slightly in favor of transfer — Defendant only indicates that the accident occurred in Smith County, but Defendant does not offer any further facts to show why the Tyler Division would have a strong localized interest in this case. The factor of "familiarity of the forum with the law that will govern the case" is neutral as both divisions are well suited to handle this case. Similarly, the factor of "the avoidance of unnecessary problems of conflict of laws" is neutral as Defendant has not identified any conflict of laws issues for either division.

Turning to the private interest factors, Defendant has not identified any specific sources of proof that will be required in this case. Without pointing to any specific source of proof that will be required, Defendant has not shown that any source of proof will be difficult to transport. Furthermore, Plaintiff points out that he has sought medical care from doctors in

Shreveport, Louisiana and Bossier City, Louisiana. (Dkt. No. 9 at 7–8.) These doctors will likely have records that are relevant to this action and that would be more easily transported to the Marshall Division. Accordingly, the Court concludes that this factor is neutral at best for Defendant.

For the "cost of attendance of willing witnesses," Defendant focuses solely on the increased inconvenience for her if this case were to proceed in the Marshall Division. However, Plaintiff resides on Bossier City, Louisiana, which is much closer to the Marshall Division. Thus, a transfer from the Marshall Division to the Tyler Division would merely shift the inconvenience from Defendant to Plaintiff, which is insufficient to show that a transfer is warranted. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000). Furthermore, Defendant fails to specifically identify any additional witnesses other than herself and Plaintiff. By contrast, Plaintiff indicates that he will seek testimony from his medical providers, who are located in Bossier City, Louisiana and Shreveport, Louisiana. (Dkt. No. 9at 7.) The Court therefore concludes that this factor weighs against transfer.

The remaining private interest factors are neutral at best. Defendant has not identified any witnesses for whom compulsory process would not be available in Marshall Division, making the "availability of compulsory process" factor neutral at best for Defendant. Additionally, Defendant argues that the factor of "other practical problems" weighs in favor of transfer because "no possibility of delay exists." However, even assuming this is true, this would merely mean that this factor is neutral. Thus, the Court concludes that the "other practical problems" factor is neutral.

Weighing all of the factors together, Defendant has failed to meet her burden of showing that the Tyler Division would be clearly more convenient than the Marshall Division. Defendant's Motion to Transfer is therefore **DENIED**.

**SIGNED this 11th day of October, 2019.**

                                                  ROY S. PAYNE
                                                  UNITED STATES MAGISTRATE JUDGE